Ashburn, J.
At the May term of the Lorain county Court of Common Pleas, 1874, Julius Grepel was indicted. The offense charged was furnishing intoxicatiug liquors to one James Steve], a minor, to be drank by him, Grepel at the time knowing James Stevelto be a minor, and that the intoxicating liquors so furnished by Grepel to James was not given by a physician in the regular line of his practice.
At the trial, the chai’ges of fact in the indictment were fully sustained by the proofs. As a justification the defendant, on his part, offered to give in testimony a writing purporting to be the consent of one Jacob Stevel, the father of the minor, James, auihorizing defendant to sell beer to his sons. The state objected to the writing going in as *168 evidence for any purpose. The objection being sustained, defendant excepted.
On his conviction, defendant made a motion for a new trial, and assigned, as a chief reason therefor, that the court had erred in ruling out the written permission of Jacob Stevel to defendant to sell beer to his sous, of whom James was one. On the overruling of his motion for a new trial, defendant took a bill of exceptions, in which, among other things, is a copy of the rejected paper. It was written in German in the original, but a copy, as translated, is found in the bill of exceptions, and reads thus:
“ Elyria, June 28,1873.
“ Friend Loui Geipel $ Co. — I give you the privilege to ■sell beer to my sons at any time they wish for, until I forbid it. Respectfully yours,
“Jacob Stevel.”
The refusal of the court to allow this paper to go in evidence to the jury, is the only question argued by counsel, and the only one we will consider.
The indictment charges the defendant with a violation of one of the provisions of section 1 of the act of 1866 (S. & S. 748), which is supplementary to the general liquor law of May 1, 1854.
So much of the section as defendant is charged with violating, and material here, is as follows: “ That it shall be unlawful for any person or persons . . . to buy for, or furnish to, any minor, to be drank by such minor, any intoxicating liquors whatsoever, unless given by a physician in the regular line of his practice.”
Under this provision, the offense consists, chiefly, of two elements. — 1. Furnishing intoxicating liquor to a minor; 2. Furnishing it with the intent that it shall be drank by the minor. The law prohibits all persons from furnishing intoxicating liquors to minors, to be drank by them, with the single exception, that it may be given to the minor by a physician, as medicine, in the due course of his practice.
Section 2 of the act of May 1, 1854, provides: “ That it shall be unlawful for any person or persons, by agent or *169 -otherwise, to sell intoxicating liquors to minors, unless upon the written order of their parents, guardian, or family physician.” S. & 0. 1481.
Under this section, the vendor of intoxicating liquors, holding a written order from the persons named in the ■statute, may sell intoxicating liquors to the minor child, ward, or patient, without incurring the penalties provided for a violation of the section. But no order, verbal or written, will exempt that person, who boys for or furnishes to a minor, knowing him to be such, intoxicating liquors .to be drank by the minor, from the penalties of the act of 1866. A physician may furnish it to a minor in the regular line of his practice, and no other person is authorized to do so.
The act of 1854 prohibits a sale of intoxicating liquors to a minor, unless upon the order of his parents, guardian, or family physician. The act of 1866 reaches further, and prohibits all persons whomsoever to buy for or furnish intoxicating liquors to a minor, to be drank by him, unless given to him, as medicine, by a physician in the regular line of his practice. The conditions that will excuse and exhonorate the vendor of intoxicating liquors, under the former statute, will not avail one who furnishes it in violation of the latter.
Plaintiff in error claims that the act of 1866 should be read as part of, and in connection with, section 2 of the act ■of 1854. We do not think so. They define distinct offenses, and, while providing penalties in kind, the penalties differ materially in degree.
The penalty provided for a violation of the provisions of section 2 of the act of 1854, is “ shall forfeit and pay a fine of not less than five nor more than fifty dollars, or be imprisoned in the jail of the county for not less than ten nor more than thirty days, or both of them, at the discretion of the court.” While the penalty provided for a violation of ■section 1 of the act of 1866 is, to “ forfeit and pay a fine of nob less than ten nor more than one hundred dollars, or be imprisoned in the jail of the county for not less than ten nor *170 more than thirty days, or both of them, at the discretion of" the court.” This grading of the penalty, alone, affords sufficient reason why section 1 of the act of 1866 can not be read with, and treated as part of, section 2 of the act of 1854.
As the acts provide penalties for distinct offenses, each must be construed and applied as if the other had never been enacted.
The written order of Jacob Stevel to sell beer to his sons,, would probably protect defendant, if indicted for'unlawfully selling intoxicating liquor to his minor son; and, in such case, would have been competent testimony. This indictment, however, does not charge, nor the proven facts tend to show, an unlawful sale, but charges the defendant with furnishing intoxicating liquor to a minor, to be drank by the minor, defendant knowing him to be such, and was not given to him by a physician in the regular line of his practice.
Therefore the written order, proposed to be offered in evidence by defendant, could afford him no protection; was not competent testimony, and was properly excluded from the jury.
Judgment of the court of common pleas affirmed, and. case remanded to that court for execution.